UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA

       v.

CESAR MIRON-ROMERO,

       Defendant.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
21-CR-470 (RPK)

RACHEL P. KOVNER, United States District Judge:

    Defendant Cesar Miron-Romero, proceeding *pro se*, moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines, which provides for a two-point reduction in the Guidelines criminal-history score calculation under certain circumstances. For the reasons set forth below, the motion is denied.

    In September 2022, Miron-Romero pleaded guilty to conspiring to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(vi). *See* Presentence Investigation Report as to Cesar Miron-Romero ¶ 1 (Dkt. #53). Prior to sentencing, the Probation Department calculated Miron-Romero's sentence under the U.S. Sentencing Guidelines. Probation calculated that Miron-Romero had three criminal history points as a result of a previous felony conviction in New Jersey state court, placing him in criminal history category II. *Id.* ¶¶ 23–24. Based on a total offense level of 31 and a criminal history category of II, the Guidelines imprisonment range was 121 to 151 months. *Id.* ¶ 59. At a sentencing hearing in July 2023, the Court adopted that Guidelines calculation and sentenced Miron-Romero to a below-Guidelines term of 90 months' imprisonment, to be followed by 4 years of supervised release. *See* Judgment as to Cesar Miron-Romero 2–3 (Dkt. #72).

    Miron-Romero now moves to reduce his sentence. *See* Mot. to Reduce Sentence (Dkt. #84). Pursuant to 18 U.S.C. § 3582(c)(2), district courts may reduce a defendant's sentence in

1

some instances where the Sentencing Commission has subsequently lowered the relevant sentencing range. However, a court may only reduce a defendant's sentence if, after considering the sentencing factors in 18 U.S.C. § 3553(a), it finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement at Section 1B1.10 of the Guidelines provides that, absent circumstances not relevant here, "a district court may not reduce a defendant's term of imprisonment to 'less than the minimum of the amended guideline range.'" *United States v. Um*, 662 F. App'x 65, 67 (2d Cir. 2016) (quoting U.S.S.G. § 1B1.10(b)(2)).

Assuming *arguendo* that Miron-Romero meets the criteria for a two-point reduction to his criminal-history score under Amendment 821 to the Guidelines, which would place him in criminal history category I, his current sentence would still be lower than the bottom of the amended Guidelines range. Specifically, a total offense level of 31 would yield a Guidelines range of 108 to 135 months' imprisonment for a defendant in criminal history category I. Because any reduction in Miron-Romero's sentence of 90 months' imprisonment and 4 years' supervised release would produce a term of imprisonment below the amended Guidelines range, Miron-Romero is not eligible for a sentence reduction. *See ibid.*; *United States v. Steele*, 714 F.3d 751, 755 (2d Cir. 2013). Accordingly, Miron-Romero's motion is denied.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: May 8, 2024
      Brooklyn, New York

2